JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

BENJAMIN P. TOLKOFF (NYBN 4294443)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7296
    FAX: (415) 436-7234
    Benjamin.Tolkoff@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>IVAN HUNTER, )<br>)<br>    Defendant. )<br>_____ ) | No. CR 03-0126 WHA<br><br>**[PROPOSED] ORDER OF DETENTION<br>OF DEFENDANT IVAN HUNTER** |

    The defendant Ivan Hunter came before this Court on April 28, 2010, for a detention

hearing pursuant to Federal Rule of Criminal Procedure 32.1.  The defendant was present and

represented by Mr. John Runfola.  Assistant United States Attorney Benjamin Tolkoff

represented the United States.

    The government requested detention, submitting that no condition or combination of

conditions would reasonably assure the safety of the community or that the defendant would

appear as required.  F.R.Cr.P. 32.1 places the burden of showing that he is not a danger to the

community and that he will appear as required upon the defendant.  The defendant has failed to

1   meet that burden and is ordered detained pending resolution of the alleged violation of his

2   supervised release.

3          The present order supplements the Court's findings at the detention hearing and serves as

4   a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

5          F.R.Cr.P. 32.1 refers back to the Bail Reform Act of 1984 for detention decisions in

6   supervised release matters.  However, in a supervised release matter, the burden is upon the

7   defendant, not the government.  18 U.S.C. §§ 3142(g), sets forth the factors which the Court

8   must consider in determining whether pretrial detention is warranted.  In coming to its decision,

9   the Court has considered those factors, paraphrased below:

10         (1)  the nature and seriousness of the offense charged;

11         (2)  the weight of the evidence against the person;

12         (3)  the history and characteristics of the person including, among other considerations,

13         employment, past conduct and criminal history, and records of court appearances; and

14         (4)  the nature and seriousness of the danger to any person or the community that would

15         be posed by the person's release.

16   18 U.S.C. § 3142(g).

17         The defendant's crime of conviction, is a violation of 18 U.S.C. § 922(g)(1) (felon in

18   possession of firearm).  The defendant was arrested on an allegation of the same misconduct.

19   The Form 12 alleges that on or about June 12, 2010, Officers of the Daly City Police Department

20   saw the defendant, a validated gang member, associating with individuals believed to be gang

21   members.  The officers made contact with the defendant and attempted to frisk him for weapons

22   at which point the defendant fled and discarded a loaded firearm.  The defendant was

23   subsequently arrested and the firearm was retrieved.

24         In considering all of the facts and proffers presented at the hearing, the Court finds the

25   following factors among the most compelling in reaching its conclusion that no combination of

26   conditions could  reasonably assure either the defendant's appearance as required, or the

27   community's safety:

28         First, the defendant's underlying conviction was for possessing a firearm and a silencer.

Law enforcement officers were led to the defendant in that case during the course of a homicide

[PROPOSED] DETENTION ORDER
U.S. V. HUNTER; CR 10-0126 WHA

1   investigation.  Officers suspected that the defendant had been contacted by the killers who asked

2   him to help dispose of the murder weapon.  This raises particular concerns about the defendant's

3   proximity to violence and people engaged in violence.  In light of the defendant's recent arrest, it

4   does not appear that he has cut ties with street gangs.

5          Second, the underlying conviction was the defendant's second conviction for being a

6   felon in possession of a firearm.  He received his first such conviction in 1999.  If proven, the

7   instant allegation would be the third time he was caught with a firearm.

8          Third, in 1997, prior to the defendant's first conviction for being a felon in possession of

9   a firearm, he was convicted of assault with a deadly weapon.  That conviction stemmed from an

10   incident during which the defendant beat a bar bouncer in the head with a steal flashlight while

11   gang member associates of the defendant's beat another bouncer in the head with a pool cue.

12          Fourth, the defendant's criminal history reflects that most of his police contacts and all of

13   his convictions have been gang related.  Based on the instant allegation, the defendant does not

14   appear to have severed his ties with criminal street gangs, which themselves pose a significant

15   danger to the community.

16          Based on these facts, among others adduced at the hearing, the Court finds that the

17   defendant has failed to show that if released, he would not be a danger to the community, or that

18   he would appear as required.

19          Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

20          (1) the defendant is committed to the custody of the Attorney General for confinement in

21          a corrections facility;

22          (2) the defendant be afforded reasonable opportunity for private consultation with his

23          counsel; and

24   //

25   //

26   //

27   //

28   //

//

[PROPOSED] DETENTION ORDER
U.S. V. HUNTER; CR 10-0126 WHA

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: May 3, 2010

_____
HONORABLE NANDOR J. VADAS
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
U.S. V. HUNTER; CR 10-0126 WHA